IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MID-CONTINENT MARINE INC., D/B/A
MID CONTINENT MARINE PARTNETSHIP, &
GLENCOE, INC.
Plaintiff

v.                                                                                      CIVIL NO. 04-2092(DRD)

CARGO MANAGEMENT, et al.,
Defendants

## ORDER

On June 6. 2006, the Court issued an Order (Docket No. 56) addressed to defendants relating to plaintiff's *Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2) FRCP* at Docket No. 48, wherein plaintiff moved the Court to dismiss its claims without prejudice against co-defendants Antonio Rodriguez-Tirador, his wife, and the community property existing between them; and further requested that co-defendants' counterclaim filed at Docket No. 7 be also dismissed. In its Order, the Court provided defendants until June 13, 2006, to submit its position as to plaintiff's request for dismissal. Moreover, defendants were forewarned that failure to timely comply with the Court's order would be deemed by the Court as "expressly entering consent to plaintiff's request for dismissal ... and simultaneously requesting the voluntary dismissal without prejudice of co-defendants' counterclaims against plaintiffs", and that any request for an extension of time was to be summarily denied.

As of today, the deadline provided to defendants have elapsed without said party appearing providing its position as to plaintiff's request for dismissal despite the fact that warnings and time to respond were provided to the defendants. Notwithstanding, the Court notes that Rule 41(2), Fed.R.Civ.P., provides that when plaintiff request the voluntary dismissal of the action, should a counterclaim has been pleaded by a defendant prior to the service of the request for dismissal, the action shall not be dismissed against the defendant's objections. In the present case, the record is devoid of any objection by defendants as to the request for dismissal of the counterclaim nor there is objection as to the voluntary dismissal against co-defendants Antonio Rodriguez-Tirador, his wife, and the community property existing between them. As forewarned by the Court, the co-defendant's noncompliance has been deemed as expressly entering consent to plaintiff's request for dismissal.

A district court is vested with the authority to command from the litigants to strictly adhere to the deadlines provided in a Scheduling Order. The Court of Appeals for the First Circuit has reiterated numerous times that: "[i]n an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation". *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004)(citing *Tower Ventures, Inc. v. Westfield*, 296 F.3d at 45). Further, Rule 16(b), Fed.R.Civ.P., provides the courts with tools to manage its docket. *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998). Hence, the litigant parties shall not be

permitted to treat a scheduling order as a piece of paper which can be disregarded without peril nor treated nonchalantly. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

[I]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991)(citations omitted). Consequently, this Court holds that **plaintiffs' failure to respond within the deadline provided signals lack of interest and, buttresses the Court's conclusion that dismissal of the counterclaim in this case is appropriate**. See, *Id.* . The Court, moreover, has no "obligation to play nursemaid to indifferent parties." *Pinto v. Universidad de Puerto Rico*, 895 F.2d 18, 19 (1st Cir. 1990).

Therefore, pursuant to Rule 41(2), Fed.R.Civ.P., 28 U.S.C., the Court hereby **DISMISSES** plaintiff's claims against co-defendants Antonio Rodriguez-Tirador, his wife, and the community property existing between them **WITHOUT PREJUDICE**, and similarly **DISMISSES** defendants' counterclaims against plaintiff **WITHOUT PREJUDICE** since defendants have failed to object plaintiff's request for dismissal of said counterclaim. **Partial Judgment** shall be entered accordingly.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 21st day of June 2006.

                                      **S/DANIEL R. DOMINGUEZ**
                                      **DANIEL R. DOMINGUEZ**
                                      **U.S. DISTRICT JUDGE**